GARY M. RESTAINO
United States Attorney

ADDISON OWEN
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: addison.owen@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. 22-CR-00591-003-PHX-DLR |
| Plaintiff, | |
| vs. | **RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS AND UNITED STATES SENTENCING MEMORANDUM** |
| Cassandra Gonzalez., | |
| Defendant. | |

With the exception of the application of United States Sentencing Guideline (U.S.S.G.) 2K2.1(b)(6)(A), the Presentence Report Writer has appropriately applied the sentencing guidelines to CASSANDRA GONZALEZ's ("Defendant") case in the Draft Presentence Report (PSR), and the recommended five (5) year probation sentence is appropriate.

**I.      FACTS**

Between January 2022 and April 2022, co-defendant Jose DeJesus Encinas-Delgado recruited Defendant and co-defendants Alejandra Gonzalez and Alex Hernandez-Chagoya to purchase firearms for him. PSR ¶ 7. Defendant purchased ten (10) firearms for the co-defendant Jose DeJesus Encinas-Delgado. PSR ¶ 18 - 19. At the time of the purchases, Defendant was residing in Mexico. PSR ¶ 28.

Defendant was charged by indictment with six counts of Material False Statement

During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and six counts of False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 924(a)(2). On January 24, 2024, Defendant pleaded guilty to Count 24 of the indictment. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulated that Defendant's sentence shall not exceed the low end of the applicable sentencing range. However, if the low end of the range is 12 months, the parties stipulate the low end will be 12 months and a day. Defendant admitted to the following factual basis in the plea agreement:

On or about March 4, 2022, Defendant CASSANDRA GONZALEZ entered Sprague's Sports, a Federal Firearms Licensee (FFL), in Yuma, Arizona. Defendant CASSANDRA GONZALEZ selected two firearms to purchase and completed the Firearms Transaction Record, known as ATF Form 4473. Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

Questions 21(a) on the form states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person". In response to Question 21(a), Defendant CASSANDRA GONZALEZ selected "Yes" she was the actual purchaser/buyer. Defendant CASSANDRA GONZALEZ knew she was purchasing the firearm on behalf Co-Defendant JOSE DEJESUS ENCINAS-DELGADO. After Defendant CASSANDRA GONZALEZ submitted the form to Sprague's Sports, she purchased and left with the firearms. Subsequently, Defendant CASSANDRA GONZALEZ provided the firearms to Co-Defendant JOSE DEJESUS ENCINAS-DELGADO.

## II. RESPONSE TO PRESENTENCE REPORT OBJECTIONS

    **A.** **Given the Interview suggests Defendant learned about the transfer of the Firearm to Mexico after possession and/or transfer, U.S.S.G. 2K2.1(b)(6)(A) should not apply.**

The Court is required to correctly calculate a defendant's advisory guideline range at sentencing. *United States v. Treadwell,* 593 F.3d 990, 999 (9th Cir. 2010) (overruled on other grounds), citing *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008) (en banc). Failure to do so is reversible error. *Id.*

The standard of proof for findings of fact at sentencing is a preponderance of the evidence unless the enhancement would result in an extremely disproportionate sentence. *Id.* at 1000, citing *United States v. Armstead,* 552 F.3d 769, 776 (9th Cir, 2008) and *United States v. Zolp,* 479 F.3d 715, 718 (9th Cir. 2007). When a defendant objects to factual findings in the PSR, the United States bears the burden of proof to establish the factual predicate for the base offense level determination. *United States v. Ameline,* 409 F.3d 1073 (9th Cir. 2005), citing *United States v. Howard,* 894 F.2d 1085, 1090 (9th Cir. 1990).

Pursuant to U.S.S.G. 2K2.1(b)(6)(A), if the defendant possessed any firearm or ammunition while leaving or attempting to leave the United States, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States increase by 4 levels[1]. Although Defendant admits to ultimately learning the firearms were destined for Mexico, it appears she learned this after the possession or transfer. Additionally, she denies involvement in the transport. Without any additional evidence, these statements do not provide sufficient specific evidence, by a preponderance of the evidence, to establish at the time of the transfer or possession the Defendant knew, intended, or had a reason to believe they were destined for Mexico. For this reason, the Court should sustain this objection.

**B.      The PSR Correctly finds Defendant to be an average participant U.S.S.G. § 3B1.2.**

U.S.S.G. **§** Section 3B1.2 decreases a defendant's base offense level if he or she served as only a minor or minimal participant in the criminal activity:

---

[1] If the resulting offense level is less than level 18, increase to level 18.

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

In making this determination, the Court should consider the five factors set forth in U.S.S.G. § 3B1.2, cmt., application n.3(C). These five factors in the application note are as follows:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

These factors aren't exhaustive—a judge may consider other factors weighing for or against granting or denying a role reduction. But all the factors should be considered in making the determination. The ultimate question whether to grant or deny minor role is: In light of all the circumstances, has the defendant proved more likely than not that he or she was substantially less culpable than other average participants in the criminal activity under the totality of the circumstances.

The Ninth Circuit held that district courts must consider the factors enumerated in the guideline and "compare the defendant's involvement to that of all likely participants in the

criminal scheme for whom there is sufficient evidence of their existence and participation." *United States v. Diaz*, 884 F.3d 911, 916 (9th Cir. 2018) ("Going forward, the assessment of a defendant's eligibility for a minor-role adjustment must include consideration of the factors identified by the Amendment, not merely the benchmarks established by our caselaw . . . . "); see also *United States v. Rodriguez*, 44 F.4th 1229, 1234 (9th Cir. 2022) ("We recently clarified that the mitigating-role commentary's reference to the 'average participant' refers to 'the mathematical average,' and that to calculate that average ' "all likely participants in the criminal scheme" must be included'". However, the commentary clarifies under § 3B1.2, cmt., application n.3(B) if a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his or her actual criminal conduct, a reduction for a mitigating role is ordinarily not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.

Defendant bears the burden of proof by a preponderance of the evidence on whether the Minor role adjustment applies. The adjustment is available to defendants who play "a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). This necessarily means that there must be other participants. U.S.S.G. § 3B1.2, comment. (n.2).

Application Note 3(B) to §3B1.2 provides that a defendant ordinarily should not receive a mitigating role adjustment if he or she benefitted from a reduced offense level by virtue of having been convicted of an offense that was "significantly less serious than warranted by his actual criminal conduct." Courts also have declined to grant an adjustment in cases in which the defendant's base offense level "does not reflect the conduct of the larger conspiracy," regardless of the offense of conviction.

The United States is unaware of any Ninth Circuit case law regarding the application of a mitigating adjustment in cases involving defendants only charged with making a straw purchase, but at least one other circuit has addressed the application of a mitigating role in that context. The Third Circuit held that a defendant who made straw purchases for leader

of conspiracy to make false statements to federally licensed firearms dealer did not merit mitigating role adjustment under § 3B1.2, where she recruited another straw purchaser, was essential to acquisition of firearms and knew that coconspirator planned to remove guns' serial numbers, making them untraceable, and have her report them as stolen. United States v. Brown, 250 F.3d 811, 2001 (3d Cir. 2001).

In the present case, the Defendant has pleaded guilty to Making a Material False Statement during the Purchase of a Firearm. The Defendant committed all elements of this violation and is the most culpable as to that violation/count. She is not charged with trafficking the firearms to Mexico. Given she is not responsible for the underlying trafficking of the firearms, her guidelines appropriately reflect her culpability compared to her co-defendants, including co-defendant Jose DeJesus Encinas-Delgado who organized the scheme. For these reasons, Defendant should not receive any reduction as to her role. She was an average participant, whose guidelines appropriate calculate her culpability as the charge she pled.

## III. UNITED STATES' SENTENCING RECOMMENDATION

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The United States, having reviewed the PSR (Doc.87) concurs with the calculation that Defendant is Criminal History Category CHC I. For the reasons previously stated, the United States finds the below calculations to be appropriate:

12 Base Level Offense U.S.S.G. § 2K2.1(a)(7)

+4 Specific Offense Characteristics U.S.S.G. §2K2.1(b)(1)(B)

-3 Acceptance of Responsibility U.S.S.G. § 3E1.1

13 Total Offense Level

With a total offense level of 13, with a criminal history category I, the Defendant's guideline range would be 12 – 18 months. The parties have agreed the Defendant's sentenced shall not exceed the low end of the guidelines. However, if the low end of the guidelines is 12 months, the parties agree the low end will be 12 months and a day. Consistent with the plea agreement, when considering the § 3553(a) factors, the United States, in agreement with the PSR, submits a sentence of 5 years' probation is sufficient but not greater than necessary to achieve the principles of sentencing.

The nature and circumstances of these offenses—Illegal Firearm Possession by way of False Statements—is serious. 18 U.S.C. § 3553(a)(1). The Defendant purchased ten firearms for a prohibited possessor – co-defendant Jose DeJesus Encinas-Delgado. Many of the firearms trafficked by co-defendant Jose DeJesus Encinas-Delgado have been recovered in Mexico. Without her assistance, co-defendant Jose DeJesus Encinas-Delgado would not have been able to purchase these firearms.

The history and characteristics of this Defendant weigh in her favor. U.S.C. § 3553(a)(1). The Defendant has no prior convictions. She appears to have lived a relatively law-abiding life.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant. 18 U.S.C. § 3553(a)(2)(B). The Defendant's actions were incredibly danger. It is important she receive a sentence that impresses upon her the seriousness of her actions.

The Defendant presents no educational and vocational training needs. U.S.C.

§ 3553(a)(2)(D). Defendant has not presented any need for additional educational, vocational, or medical needs. To the extend she needs services, this can be accomplished while she is on probation.

When balancing the serious nature of the Defendant's actions against her lack of criminal history, a probation sentence is appropriate. For these reasons, the United States requests that this Court sentence the Defendant to five years of probation.

**III.    Conclusion**

The United States has demonstrated that the Defendant was an average participant and should be found to be such. Despite the seriousness of her actions, her characteristic and role within the trafficking enterprise support a five-year probation sentence.

Respectfully submitted this 13th day of May, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/Addison Owen
ADDISON OWEN
Assistant U.S. Attorney

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 13, 2024, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.

Michael Bresnehan
*Attorney for Defendant*

s/Addison Owen
United States Attorney's Office