LAW OFFICES OF MELINDA J. KOVACS
Melinda J. Kovacs (Bar No. 020532)
7000 N. 16th St.
Suite 120-362
Phoenix, AZ 85020
Telephone: (602) 481-0691
mjkovacs@gmail.com
Attorney for Defendant
Alejandra Gonzalez

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No: 2:22-cr-00591-DLR-4 |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| Alejandra Gonzalez, | |
| Defendant. | |

Comes now defendant, Alejandra Gonzalez, by and through her attorney Melinda Kovacs, and requests that this Court consider the following information when imposing sentence in this matter.

Title 18 U.S.C. §3553(a) states in pertinent part that (a) the court shall impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in paragraph (2) of this subsection, the court, in determining the particular sentence to be imposed, shall consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or correctional treatment in the most effective manner. 18 U.S.C. §3553(a).

The nature and circumstances of the offense are mostly reflected by the pre-sentence report. Alejandra has no criminal history and was recruited by her twin sister Cassandra into this scheme. Cassandra previously was recruited by her boyfriend, the first named defendant Jose Encinas-Delgado.  Alejandra and Cassandra purchased the same number of guns, six. They are held responsible for the same number of guns, sixteen. Neither was a leader or organizer and they did not know what Encinas-Delgado was doing with the weapons after their involvement.

As to the history and characteristics of the defendant, Alejandra has struggled to find her way throughout her early twenties. Alejandra has struggled with substance use disorder and mental health concerns. When this crime occurred, Alejandra was using alcohol and drugs. She was not making the best life decisions for herself and her young children. At the time of sentencing, Alejandra has been in custody for almost seven months. She has been clean and sober. She has been working on her triggers and coping mechanisms. Alejandra has benefitted and learned from prior rehabilitation counseling and therapy but needs continuing refreshers and ongoing support.

The need for the sentence imposed considers four specific aspects.  The first is "To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  Taken together, these three things mean to teach both the defendant and society that this behavior is not acceptable.  In this defendant's case, it is not necessary to

punish her with a lengthy prison term in order to promote respect for the law. She has learned so much from this experience and especially her recent time in jail. Thinking clearly and being away from friends and family in the inmate population has given her a clear view that this is not the kind of life that she wants.

The second factor is to afford adequate deterrence to criminal conduct. Alejandra had no prior criminal involvement. She is not inclined to this behavior and was persuaded to take a part in part due to the promise of a small amount of money. This time that she has been incarcerated has given her time to reflect on her behavior, where she wants to be in life, and to spend time growing as a person. Alejandra has a healthy respect for the law and is committed to never being involved in crime again.

Third, a court can consider the need to protect the public from further crimes of the defendant. Alejandra is not only in a different place mentally will reside in a different place after release from incarceration. Continued education and efforts on her part will put her in a different place where once released she will be no danger to her community.

Finally, the court can consider the need to provide the defendant with needed educational or vocational training, medical care, or correctional treatment in the most effective manner. In this case, Alejandra hopes to continue to learn and earn her high school diploma or general equivalency diploma to have more job opportunities in the future.

When considering the sentence to be imposed the Court must also look to similarly situated defendants in order to avoid sentencing disparity. In this case, Alejandra is exactly as responsible or less so than her twin sister Cassandra who received a sentence of probation. Cassandra involved Alejandra in this crime. Although Alejandra absconded, her underlying behavior was equal to or less than that of her sister. Other than this case, many people, and

specifically women who are recruited by men into straw purchases, receive little to no jail time. As a first-time offender, and having already served over six months in jail, here a sentence significantly less than recommended by the probation department is sufficient but not greater than necessary for Alejandra due to her conduct in the overlying offense and lack of any criminal history.

Defendant through counsel has provided rationale for objections to the pre-sentence report and therefore the advisory guideline range. If all of defendant's objections were sustained her range would be at a level 13 with a criminal history category I resulting in an advisory range of 12-18 months. The pre-sentence report identified reasons for a downward variance, specifically "*Considering the nature and circumstances of this offense along with the defendant's history and characteristics, a variance to a sentence of 18 months imprisonment is recommended. The recommended sentence is believed to be sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment and rehabilitation.*" The pre-sentence report writer recommends a sentence of 18 months from their suggested 27-33 month guideline range, a 33% to 46% reduction. As stated in the objections to the pre-sentence report, defense believes that the correct guideline range should be 12-18 months. The plea stipulates to a low-end sentence. Applying an equal reduction from this range would result in a recommendation of 7.2 to 7.9 months.

Here there are many good reasons to give Alejandra a sentence of time served, which is six months and 20 days. Just shy of seven months in prison for identical underlying behavior to her sister Cassandra is appropriate and fair. The pre-sentence report writer seeks to punish her in multiple ways for her dereliction and absconding behavior while on pre-trial release. However,

her seven months in prison when her sister's twin behavior resulted in a non-prison resolution is just.

Based upon the foregoing information, and statements to be made in court, defendant requests that this Court grant her a variance allowing her to serve a term of prison for time served. This variance is warranted and appropriate given her recommended guideline calculations, lack of criminal history, and similarly situated defendants. Granting a variance for a sentence of time served would satisfy the goals of federal sentencing while still imposing a sentence that is not greater than necessary for her crime.

Respectfully submitted:  June 14, 2024


 s/Melinda Kovacs
Melinda Kovacs
Attorney for Defendant

Certificate of Service:

I hereby certify that on June 13, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Clerk's Office, USDC Phoenix
Honorable Douglas L. Rayes
Addison Owen, US Attorneys Office

*/s/ Melinda J. Kovacs*
Melinda J. Kovacs
Attorney for Defendant