GARY M. RESTAINO
United States Attorney

ADDISON OWEN
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: addison.owen@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. 22-CR-00591-004-PHX-DLR |
|---|---|
| Plaintiff, | |
| vs. | **RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS AND UNITED STATES SENTENCING MEMORANDUM** |
| Alejandra Gonzalez, | |
| Defendant. | |

The United States, having reviewed the final Presentence Report (PSR) and Defendant's Objection to the PSR, agree the objection in should be sustained. Additionally, the United States recommends that the Defendant receive a sentence of time served followed by three years of supervised release.

**I.      FACTS**

Between January 2022 and April 2022, co-defendant Jose DeJesus Encinas-Delgado recruited Defendant and co-defendants Cassandra Gonzalez and Alex Hernandez-Chagoya to purchase firearms for him. PSR ¶ 9. Defendant purchased ten (10) firearms for the co-defendant Jose DeJesus Encinas-Delgado. PSR ¶ 24-25. At the time of the purchases, Defendant was residing in Mexico. PSR ¶ 28.

Defendant was charged by indictment with six counts of Material False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and

six counts of False Statement During the Purchase of a Firearm, in violation of 18 U.S.C. §§ 924(a)(1)(A) and 924(a)(2). On March 26, 2024, Defendant pleaded guilty to Count 36 of the indictment. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulated that Defendant's sentence shall not exceed the low end of the applicable sentencing range. However, if the low end of the range is 12 months, the parties stipulate the low end will be 12 months and a day. Defendant admitted to the following factual basis in the plea agreement:

On or about March 4, 2022, Defendant ALEJANDRA GONZALEZ entered Sprague's Sports, a Federal Firearms Licensee (FFL), in Yuma, Arizona. Defendant ALEJANDRA GONZALEZ selected a firearm to purchase and completed the Firearms Transaction Record, known as ATF Form 4473. Under the provisions of Chapter 44 of Title 18, United States Code, ATF Form 4473 contains information required to be kept by FFLs.

Question 21(a) on the form states, "Are you the actual transferee/buyer of the firearm(s) listed on the form? Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person". In response to Question 21(a), Defendant ALEJANDRA GONZALEZ selected "Yes" she was the actual purchaser/buyer. Defendant ALEJANDRA GONZALEZ knew she was purchasing the firearm on behalf co-defendant Jose DeJesus Encinas-Delgado. After Defendant ALEJANDRA GONZALEZ submitted the form to Sprague's Sports, she purchased and left with the firearm. Subsequently, Defendant ALEJANDRA GONZALEZ provided the firearm to co-defendant Jose DeJesus Encinas-Delgado.

## II.    RESPONSE TO PRESENTENCE REPORT OBJECTIONS

### A.    Given it is unknown whether Defendant knew of the March 7, 2023 court date, U.S.S.G. § 3C1.1 should not apply.

Defendant was awarded an additional two points for objection of justice for failing to appear at her March 7, 2023 jury trial date. U.S.S.G. § Section 3C1.1, Application note (4)(E), allows for a two-level increase to a defendant's offense level if the defendant *willfully*

failed to appear. On December 21, 2022, the Court continued the trial date from January 3, 2023 to March 7, 2023. Pretrial Services has no record of conveying this new date to the Defendant. Additionally, Defendant began violating her release prior to the continuance in November 2022. Given it is unclear whether she was aware of the court date, the United States has insufficient evidence to support her *willfully* in failing to appear. Therefore, the Court should sustain Defendant's objection on this basis and remove the two-level increase.

**B.    Defendant has demonstrated acceptance and should receive a three-level reduction under U.S.S.G. § 3E1.1.**

Due to the removal of the application of U.S.S.G. § 3C1.1, the United States believes the Defendant has accepted responsibility, consistent with other defendants who received this reduction in this case. For this reason, the United States believes the Defendant should receive a three-level reduction.

**III. UNITED STATES' SENTENCING RECOMMENDATION**

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing. *Gall v. United States*, 552 U.S. 38, 49 (2007). After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc). Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The United States, having reviewed the Final PSR (Doc.118) concurs with the calculation that Defendant is Criminal History Category CHC I. For the reasons previously

stated, the United States finds the below calculations to be appropriate:

12    Base Level Offense U.S.S.G. § 2K2.1(a)(7)

+4    Specific Offense Characteristics U.S.S.G. §2K2.1(b)(1)(B)

-3    Acceptance of Responsibility U.S.S.G. § 3E1.1

13    Total Offense Level

With a total offense level of 13, with a criminal history category I, the Defendant's guideline range would be 12 – 18 months. The parties have agreed the Defendant's sentenced shall not exceed the low end of the guidelines. However, if the low end of the guidelines is 12 months, the parties agree the low end will be 12 months and a day. Consistent with the plea agreement, when considering the § 3553(a) factors, the United States submits a sentence of time served and 3 years' supervised release is sufficient but not greater than necessary to achieve the principles of sentencing.

The nature and circumstances of these offenses—Illegal Firearm Possession by way of False Statements—is serious.  18 U.S.C. § 3553(a)(1).  The Defendant purchased ten firearms for a prohibited possessor – co-defendant Jose DeJesus Encinas-Delgado. Many of the firearms trafficked by co-defendant Jose DeJesus Encinas-Delgado have been recovered in Mexico. Without her assistance, co-defendant Jose DeJesus Encinas-Delgado would not have been able to purchase these firearms.

The history and characteristics of this Defendant weigh in favor of a term of incarceration.  U.S.C. § 3553(a)(1).  The Defendant performed poorly while on pretrial release. In addition, she appears to suffer from long standing drug addition issues. To date, she has spent 200 days in custody for those violations, which has imposed upon her the seriousness of both her crime and future violations.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant.  18 U.S.C. § 3553(a)(2)(B).  The Defendant's actions were incredibly dangerous. It is important she receive a sentence that impresses upon her the seriousness of her actions.

The Defendant presents a strong need for educational and vocation training, in

addition to drug and mental health treatment. U.S.C. § 3553(a)(2)(D).  Defendant has exhibited a strong need for intervention and services. These can be accomplished while she is on supervised release.

When balancing the serious nature of the Defendant's actions against her lack of criminal history, but incredibly poor performance on pretrial and debilitating drug addition, this sentence is appropriate. For these reasons, the United States requests that this Court sentence the Defendant to time served with three years of supervised release.

**III.    Conclusion**

The United States urges the Court to sentence the Defendant to time served, recognizing she has served 200 days in custody, followed by three years of supervised release.

Respectfully submitted this 20th day of June, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/Addison Owen
ADDISON OWEN
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2024 I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.

Melinda Kovacs
*Attorney for Defendant*

s/Addison Owen
United States Attorney's Office

- 5 -