**GRAND CANYON LAW GROUP LLC**
Joseph D. Tobler (No. 035228)
1930 East Brown Road, Suite 102
Mesa, Arizona 85203-5138
Telephone: 480.400.5555
Facsimile: 888.507.3031
courts@grandcanyon.law
Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | No. CR-22-00591-PHX-DLR |
| v. | **DEFENDANT'S OBJECTION TO PRESENTENCE INVESTIGATION REPORT** |
| Jose De Jesus Encinas-Delgado, | |
| Defendant. | |

Defendant Jose Encinas Delgado, by and through undersigned counsel, hereby objects to the information within the Presentence Investigation Report in this matter and states the following:

1.  Sentencing is set for August 1, 2024.

2.  Paragraph 36 on page 12 opines that Encinas Delgado is an organizer, leader, or supervisor in the criminal activity. This should be an average participant. Encinas Delgado did not plead guilty to the straw purchases of the firearms, but pled guilty to Count 44- being a felon in possession of a firearm. The role should be evaluated on the charge he is being sentenced on rather than the role in another charged offense. Mr. Encinas Delgado was the only participant in the charge of Felon in Possession of a firearm.



He cannot manage, lead, or supervise in that role. The offense of felon in possession of a firearm has no other participants to lead, manage, or supervise. It is a simple crime of possession committed by one person. U.S.S.G. §3B1.1(c) still requires other participants, even though the participant count is lowered in section (c) from 5 to 2. The Court must find that the criminal activity involved at least two participants-at least one other person other than the defendant-before applying the 2-level adjustment. *United States v. Naranjo-Rosario*, 871 F.3d 86, 98 (1st Cir. 2017) (court must find the "criminal activity involved at least two, but fewer than five, complicit individuals (the defendant included)" to apply §3B1.1(c) (quoting *United States v. Al-Rikabi*, 606 F.3d 11, 14 (1st Cir. 2010)). As there was only one participant in the criminal activity that Encinas Delgado has pled to, his role should not be increased as an organizer.

The government may argue that the alleged actions by Encinas Delgado in the other charged counts should be considered Relevant Conduct under USSG §1B1.3. This should not be considered Relevant Conduct under §1B1.3 because the activity with the co-defendants is not part of this offense, and was not preparation for this offense. Further, it was not in the course of avoiding detection or responsibility for the offense. Here, Mr. Encinas Delgado was a felon due to his own prior actions. The other co-defendants had no hand in that. Second, he possessed the firearms in question regardless of how they were purchased. The co-defendants had no hand in that either. He did not direct or organize them in his possession. Wherefore, the 2-level increase from §3B1.1c should not be imposed.



3.  In paragraph 46. A four-point increase is made pursuant to USSG 2K2.1(b)(6)(A). stating that Mr. Encinas Delgado knew that the weapons would be taken out of the United States. It is based on the statement of his co-defendant Gonzalez. She stated that she knew that Encinas-Delgado took the firearms to Mexico. However, her statement is not enough to impose this increase. We don't know the basis for this alleged knowledge. The other basis for this increase is Facebook messages to M.O.A.T. Arm LLC. These Facebook messages also are used for this purpose to show that Encinas Delgado knew that the firearms would be taken to Mexico. However, the M.O.A.T. communication in question did not result in a purchase of a firearm, and no firearm was thereby taken to Mexico. This four-level increase should not be imposed.

    Wherefore, Defendant objects to these point increases to his offense level and prays this Court calculate his sentence accordingly.

DATED this 18th day of July, 2024.

**GRAND CANYON LAW GROUP LLC**

By: */s/ Joseph D. Tobler*
    Joseph D. Tobler
    *Attorney for Defendant*

Certificate of Service:

I hereby certify that on July 18, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Douglas L. Rayes

Addison B. Santome, Assistant United States Attorney
addison.owen@usdoj.gov
*Attorney for the United States of America*

Jazmaine W. Ross
US Probation Officer

4