GARY M. RESTAINO
United States Attorney

ADDISON OWEN
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Addison.Owen@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-22-00591-001-PHX-DLR |
| Plaintiff, | |
| vs. | **RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS AND UNITED STATES SENTENCING MEMORANDUM** |
| Jose DeJesus Encinas-Delgado, | |
| Defendant. | |

The Presentence Report Writer, as outlined in the Presentence Report (PSR) (Doc. 130), has appropriately applied the sentencing guidelines to JOSE DEJESUS ENCINAS-DELGADO's ("Defendant") case, and the recommended fifty-one (51) months in the Bureau of Prisons followed by three (3) years of supervised release sentence is appropriate.

I.     **FACTS**

Between January 2022 and April 2022, Defendant recruited co-defendants Alex Hernandez-Chagoya, Cassandra Gonzalez, and Alejandra Gonzalez to purchase approximately 40 firearms for him at various Federal Firearm Licensed (FFL) dealers in Arizona. (PSR ¶ 6). To date, five of the 40 firearms purchased for the Defendant have been recovered. Four of those firearms have been recovered in Mexico. Although co-defendants Alejandra Gonzalez and Alex Hernandez-Chagoya did not make statements regarding the future disposition of the firearms, Cassandra Gonzalez, who was in a romantic relationship

with Defendant, knew him to no longer be in possession of the firearms, that he was previously a trafficker of narcotics, and believed he took the firearms to Mexico after she provided them to him. (PSR ¶¶ 28 and 46). Additionally, on May 16, 2022, Defendant contacted M.O.A.T. Arm LLC, a FFL, to secure a RPD belt fed semiautomatic light machinegun with intention of transporting it to Mexico. (PSR ¶ 29 and Exhibit A).

Defendant was unable to purchase firearms himself because of his prohibited statuses: Felon and Illegally Present in the United States. (PSR ¶ 32). Defendant has previously been convicted of Brining in and Harboring Aliens, for which he served an 18-month sentence. *Id.* Because he is prohibited, he conspired, recruited, and directed co-defendants Alex Hernandez-Chagoya, Cassandra Gonzalez, and Alejandra Gonzalez to purchase firearms on his behalf for his illegal possession of them. (Doc. 1 Count 1 and Doc 102 ¶ 10).

## II.    RESPONSE TO PRESENTENCE REPORT OBJECTIONS

### A.    The PSR Correctly Applies U.S.S.G. § 3B1.1(c), adding 2 Points for an Aggravating Role

U.S.S.G. § 3B1.1(c) provides for a two-level enhancement if the defendant was an organizer, leader, manager, or supervisor in *any* criminal activity[1] (emphasis added). Defendant was the catalyst and director of the criminal activity in this case, which is captured in the indictment and the factual basis in the plea agreement. Defendant directed his co-defendants to purchase firearms on his behalf due to his status as a prohibited possessor. Defendant argues that his guilty plea to Felon in Possession would bar the Court from finding he had any role related to his co-defendants. The United States is unaware of any case law that supports that position. Defendant's possession of these firearms was the object of the conspiracy. Therefore, his directing of his co-defendants, financial compensation of his co-defendants, and overall control of the co-defendants does in fact

---

[1] This provision is a catch all without requirements for number of participants or a finding that the criminal activity was extensive.

qualify him as an organizer, leader, manager, and supervisor of this criminal activity.

**B.  The PSR Correctly Applies U.S.S.G. § 2K2.1(b)(6)(A), adding 4 points for Defendant's knowledge and reason to believe the firearm(s) would be transported to Mexico**

U.S.S.G. § 2K2.1(b)(6)(A) provides a four-level enhancement if the defendant possessed any firearm or ammunition, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be transported out of the United States.

Here, Defendant largely disputes the application of the four-level enhancement because he asserts the evidence is insufficient to support this finding. The United States disagrees. In this case, a purchaser (Co-defendant Cassandra Gonzalez), believed the firearms were going to Mexico and knew Defendant to no longer be in possession of them. Defendant also recruited his co-defendants, who were mostly residents of Mexico at the time of the purchases, to participate in this scheme. There have also been four firearms recovered in Mexico that were purchased for Defendant. Finally, Defendant tells us his intention to take firearms to Mexico during his Facebook exchanges with M.O.A.T. Arm LLC, which has been included as Exhibit A.

For these reasons, this enhancement should be applied.

## III.    UNITED STATES' SENTENCING RECOMMENDATION

The Sentencing Guidelines are "the starting point and the initial benchmark" for sentencing.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  After considering the advisory range, the "district court should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties."  *United States v. Carty,* 520 F.3d 984, 991 (9th Cir. 2008)(en banc).  Pursuant to 18 U.S.C. § 3553(a) factors, the Court shall impose a sentence sufficient, but not greater than necessary to comply with the following purposes:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

The United States, having reviewed the draft PSR (Doc.130) concurs with the calculation of a total offense level of 23, CHC II, for a sentencing range of 51 - 63 months of imprisonment. The plea agreement stipulates to a cap at the high-end of the guidelines. When considering the § 3553(a) factors, the United States, in agreement with the PSR, submits a sentence of 51 months in prison followed by three years' supervised release is sufficient but not greater than necessary to achieve the principles of sentencing.

The nature and circumstances of these offenses—Illegal Firearm Possession by way of Other's False Statements—is serious.  18 U.S.C. § 3553(a)(1).  The Defendant was illegally in possession of approximately 40 firearms. Of the 40 firearms, this investigation revealed five of the firearms have been recovered. Due to his prohibiting status, he recruited at least three people, who are also facing charges for assisting him. While the Defendant will likely be deported, the future disposition of these firearms remains a concern to the United States.

The history and characteristics of this Defendant are troubling.  U.S.C. § 3553(a)(1). In reviewing the Defendant's criminal history, it is clear that this is not his first trafficking or smuggling related offense. He has prior arrests for trafficking drug and smuggling aliens, and a prior conviction in which he received an 18-month sentence.  This incident was not a mistake or lapse in judgement. The Defendant has a pattern of this deliberate, criminal behavior and prior attempts at rehabilitation have failed.

The nature of Defendant's conduct counsels in favor of a sentence that will hopefully serve as an adequate deterrent against further criminal conduct by Defendant.  18 U.S.C. § 3553(a)(2)(B).  In June 2022, the United States Congress passed the Bipartisan Safer Communities act which codified several new offenses, including firearms trafficking and straw purchasing. Defendant's conduct predates the implementation of these new laws,

but the public safety concerns around similar conduct fueled this legislation. Long after the Defendant completes his sentence and is deported, these 35 firearms will remain a public safety threat. This looming threat warrants a 51-month sentence.

Defendant has experienced substantial trauma; however, his status likely will prevent post incarceration rehabilitation. U.S.C. § 3553(a)(2)(D). Hopefully, Defendant will benefit from services during his time of incarceration.

The United States does not dispute that following his arrest, the Defendant has accepted responsibility and pleaded guilty. However, when balancing this against the Defendant's present offense, criminal history, and need for deterrence, a low-end sentence of 51-months is appropriate. For these reasons, the United States requests that this Court sentence the Defendant to a low-end 51-month term of imprisonment, followed by three years of supervised release.

**IV.    Conclusion**

The United States asks the Court to find the enhancements as applied in the PSR are appropriate and sentence the Defendant to 51-months in Bureau of Prisons followed by three years Supervised Release.

Respectfully submitted this 25th day of July, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

 s/Addison Owen
ADDISON OWEN
Assistant U.S. Attorney

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.

Joseph Tobler
*Attorney for Defendant*


*s/Addison Owen*
United States Attorney's Office